MANN WYATT & RICE, LLC
435 Nichols Road, Suite 200
Kansas City, MO 64112
(816) 977-2075
(620) 662-2443 (Fax)

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **MICHAEL GAWLIK,** | ) | **Complaint for a Civil Case** |
|   P.O. Box 63 | ) | |
|   Bunker, MO 63629 | ) | |
| | ) | |
|   **Plaintiff,** | ) | |
| | ) | **Case No. _____** |
| v. | ) | **Division** |
| | ) | |
| **USAA GENERAL INDEMNITY** | ) | |
| **COMPANY,** | ) | |
|   (Serve: Director of Insurance | ) | |
|   301 West High Street, Room 530 | ) | |
|   Jefferson City, MO 65105) | ) | |
| | ) | |
|   **Defendant.** | ) | |

## COMPLAINT

In support of this Complaint, Plaintiff Michael Gawlik alleges and states as follows:

### Parties, Jurisdiction, and Venue

1. At all relevant times, Plaintiff Michael Gawlik ("Plaintiff") was and is an individual and resident of Bunker, Reynolds County, Missouri.

2. At all relevant times, Defendant USAA General Indemnity Company ("Defendant" or "USAA") was and is registered to conduct insurance business within the State of Missouri and may be served with process through the Director of the Department of Insurance at 301 West High Street, Room 530, Jefferson City, MO 65101 pursuant to Mo. Stat. Ann. § 375.261 and Mo. Stat. Ann. § 375.906.

1

3. The Court has personal jurisdiction over Plaintiff since he is a Missouri resident.

4. Defendant USAA has sufficient minimum contact with the State of Missouri so that the maintenance of suit does not offend traditional notions of fair play and substantial justice as the Defendant procures insurance business within the State of Missouri, issues policies to insureds, insures vehicles principally garaged and/or registered in the state of Missouri, and otherwise conducts substantial business in the State of Missouri. As such, this Court has personal jurisdiction over Defendant and such jurisdiction comports with the due process requirements of the Missouri and U.S. Constitutions.

5. This Court has subject matter jurisdiction over the cause of action and personal jurisdiction over the parties' given their diversity of citizenship and the fact that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

6. Venue is proper in this Court under 28 U.S.C. § 1391 because the contract upon which this suit is based was formed in this District.

**Background and Underlying Incident**

7. On January 14, 2017, at about 11:00 a.m., Plaintiff was driving on Interstate 69 (a/k/a U.S. 59) near Chimney Rock Road in Houston, Texas.

8. At the same time, Daniel Crespo ("Crespo") was driving directly behind Plaintiff.

9. Plaintiff noticed traffic was backed up ahead of him, so he slowed his vehicle to almost a complete stop.

10. Not long after Plaintiff slowed his vehicle, Crespo, who was on the phone and not paying attention, suddenly, unexpectedly, and violently collided with the rear of Plaintiff's vehicle.

## Negligence

11. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding Paragraphs of this Complaint as if fully set forth herein.

12. In colliding with Plaintiff's vehicle, as set forth in Paragraphs 7 through 10, Crespo breached his duty of care and was negligent in one or more of the following respects:

    a. Crespo drove at an excessive speed;

    b. Crespo failed to stop, swerve, or slacken speed when the reasonable likelihood of a collision or accident was apparent;

    c. Crespo failed to keep a careful lookout;

    d. Crespo failed to pay attention as he was on the phone while driving; and/or

    e. Crespo collided with another vehicle by failing to stop or avoid the other vehicle.

13. As a direct and proximate result of the accident, which was caused by the aforementioned acts and omissions of Crespo, Plaintiff sustained serious physical and mental injuries, which are permanent and progressive in nature.

14. As a further direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Crespo, Plaintiff has endured and will continue to endure significant pain and suffering.

15. As a further direct and proximate result of the aforementioned negligence of Howerton, Plaintiff has suffered and will continue to suffer damages including, but not limited to:

    a. Past medical and hospital expenses;

    b. Future medical expenses;

    c. Past and future emotional distress, pain, and suffering;

    d. Wage loss; and

    e. Past and future loss of enjoyment of life.

16. All of Plaintiff's injuries, disabilities, infirmities, and damages are permanent, painful, and progressive in nature and extent.

17. Crespo was uninsured at the time of the accident.

18. Plaintiff purchased an insurance policy from USAA (Policy Number 027034363G7102 – referred to in this Petition for Damages as the "USAA Policy"), which provided uninsured motorist coverage ("UM") for Plaintiff if he were to sustain an injury in connection with the ownership, maintenance, or use of any motor vehicle.

19. At all relevant times to this Complaint, the USAA Policy was in effect.

20. Plaintiff made a claim with USAA on the UM Policy as the at-fault driver who caused the accident was uninsured. This claim was made on May 4, 2018.

21. As such, Plaintiff has made written demand upon Defendant USAA in accordance with Mo. Stat. Ann. §§ 375.296, 375.420, and 408.020 to pay the Uninsured Motorist Coverage in connection with the bodily injuries he sustained in the collision.

22. Despite having months to review the claim and review the medical records provided, USAA has failed, neglected, and/or refused, without just cause, to pay the full amount of UM benefits due and owed under the USAA Policy.

WHEREFORE, based on the foregoing, Plaintiff Michael Gawlik prays for judgment in this action in his favor and against Defendant USAA in an amount in excess of $75,000.00, for enforcement of the USAA Policy, for additional incidental and consequential damages that the Plaintiff may have or will incur, for costs of this action, and for whatever other relief this Court deems just and proper.

Respectfully submitted,

/s/*Michael J. Wyatt*
Michael J. Wyatt         (#66284)
Jesse Tanksley            (#72316)
435 Nichols Road, Suite 200
Kansas City, MO 64112
(816) 977-2075
(620) 662-2443 (Fax)
mwyatt@mannwyattrice.com
jtanksley@mannwyattrice.com

*Attorney for Plaintiff Michael Gawlik*

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts and claims in this cause of action.

Respectfully submitted,

/s/*Michael J. Wyatt*
Michael J. Wyatt         (#66284)
Jesse Tanksley            (#72316)
435 Nichols Road, Suite 200
Kansas City, MO 64112
(816) 977-2075
(620) 662-2443 (Fax)
mwyatt@mannwyattrice.com
jtanksley@mannwyattrice.com

*Attorney for Plaintiff Michael Gawlik*